IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWONDA TURNER**                                                                                          **PLAINTIFF**

V.                                    NO. 4:23-CV-00684-JTK

**SOCIAL SECURITY ADMINISTRATION**                                      **DEFENDANT**

## ORDER

I. **Introduction:**

Plaintiff, Lawonda Turner ("Turner"), applied for Title II disability benefits on October 25, 2021, alleging a disability onset date of April 30, 2020. (Tr. at 10). The application was denied initially and upon reconsideration by the Administration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") denied Turner's applications by written decision dated April 5, 2023. (Tr. at 10-21). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-5). The ALJ's decision now stands as the final decision of the Commissioner, and Turner has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

II. **The Commissioner's Decision:**

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

Turner meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. at 12). The ALJ found that Turner had not engaged in substantial gainful activity since the alleged onset date of April 30, 2020.[2] *Id*. The ALJ found, at Step Two, that Turner had the following severe impairments: cervical degenerative changes, bilateral knee degenerative changes, diabetes mellitus, migraine headaches, obesity, depression, and anxiety. *Id*.

After finding that Turner's impairments did not meet or equal a listed impairment (Tr. at 13-15), the ALJ determined that Turner had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations: (1) no more than occasional climbing of ramps and/or stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no more than occasional balancing, stooping, kneeling, crouching, or crawling; (4) no exposure to hazards, such as unprotected heights and dangerous moving machinery; and (5) limited to simple repetitive work with simple work-related decisions and only occasional interaction with supervisors, coworkers, and the public. (Tr. at 15).

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

At Step Four, the ALJ determined that Turner was unable to perform any past relevant work. (Tr. at 19). Utilizing the testimony of a Vocational Expert ("VE"), the ALJ next determined that, based on Turner's age, education, work experience, and RFC, he was able to perform a number of jobs in the national economy. (Tr. at 21). Therefore, the ALJ concluded that Turner was not disabled. *Id*.

### III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of

administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Turner's Arguments on Appeal

Turner contends that the evidence supporting the ALJ's decision is less than substantial. She contends that: (1) the ALJ erred in how he analyzed medical opinions; and (2) the RFC did not incorporate all of Turner's mental limitations.

Turner's appeal focuses on her mental impairments. While Turner claimed that anxiety and depression were disabling, she was able to work during the relevant time-period and graduated from University of Arkansas at Little Rock in 2020. (Tr. at 12, 55-56). She also said she could do things like driving, caring for her pets and her daughter, using Facebook, attending grief therapy, and taking online college classes. (Tr. at 19, 55-62).

Moreover, Turner routinely appeared to have grossly normal mental status examinations at her psychiatric appointments, and medication management was

somewhat successful. (Tr. at 1759-1763). She appeared calm and cooperative at an October 2021 appointment, with fair insight and judgment. (Tr. at 17). Turner had no inpatient hospitalization for mental health issues, and she did not require otherwise aggressive treatment. She was not always compliant with taking medication as prescribed. (Tr. at 776). In 2021, Turner was engaged in a job search. (Tr. at 1761).

The two disability determination services ("DDS") psychiatric experts reviewed the records in March and May 2022 and found mild-to-moderate mental limitations. (Tr. at 91-92, 103-104). Specifically, and most relevant to this case, they found moderate limitations in the ability to interact with others, where interpersonal contact is only incidental to the work performed. *Id*. For Turner to be able to work, the work needed to be simple and the supervision direct and concrete. *Id*.

The ALJ analyzed these opinions. He found them partially persuasive, noting that they were supported by notes of Turners' frequent fluctuations in mood.³ (Tr. at 19). The ALJ noted that moderate or greater limitations in the area

---

³ ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical

of adaptation were not consistent with Turner's daily activities. *Id*. He correctly set forth the DDS restrictions and then assessed how they were partially persuasive. The ALJ's analysis could have been more thorough, but the rest of his opinion adequately filled in any gaps. See *Grindley, supra*. He did a fine job detailing Turner's medical appointments, response to treatment, daily activities, and ability to take classes and work. (Tr. at 16-19). His overall discussion offered plenty of support for his conclusions about the persuasiveness of the DDS opinions.

In a related argument, Turner asserts that the ALJ's RFC limitation to occasional interaction with supervisors, coworkers, and the public did not square with the DDS experts' limitations to incidental interpersonal contact. First, an ALJ is not bound to rely on any particular medical opinion, and he can decline to incorporate any portions of an opinion that he deems inconsistent. See *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000); *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011); *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). The ALJ ruled that the DDS opinions were partially persuasive. He did not have to assimilate all of their limitations or recite their opinions verbatim.

Turner tries to argue that the words incidental and occasional are dissimilar

---

evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017*); Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Grindley v. Kijakazi,* 9 F.4th 622, 630 (8th Cir. 2021*)* (inconsistency in ALJ's decision was harmless error, as case was not close call, and record otherwise contained substantial evidence establishing matter at issue). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

and that occasional interaction is not as restrictive as incidental interaction. Her argument wanders around through nonbinding law and speculative lay arguments. (Doc. No. 14 at 21-23, Doc. No. 17 at 4-7). In any event, this Court has found that an RFC limitation to occasional contact is harmonious with a DDS restriction to incidental interpersonal contact. *Newberry v. Saul*, No. 3:19-CV-00192-PSH, 2020 WL 2203843, at *2-8 (E.D. Ark. May 6, 2020). Again, Turner's daily activities belied her assertion that she could not have occasional interaction with other people, and the jobs identified by the VE do not seem to require an inordinate amount of interpersonal interactions (housekeeping cleaner, janitor, routing clerk). The ALJ properly relied upon VE testimony about Turner's ability to perform these jobs, after posing a hypothetical with all of Turner's credible limitations. There is no error.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated the medical opinions and the RFC incorporated Turner's limitations. The finding that Turner was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 6th day of March, 2024.

_____
UNITED STATES MAGISTRATE JUDGE